McLAUGHLIN & FREEMAN *v.* UNITED STATES (No. 3237)[1]

[1] T. D. 43717.

United States Court of Customs and Patent Appeals, November 25, 1929

*Joseph F. Lockett* for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*Ralph Folks* and *Oscar Igstaedter*, special attorneys, of counsel), for the United States.

[Oral argument October 15, 1929, by Mr. Lockett and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

Certain ornamental framed pictures on glass were entered by appellant at the port of Boston as articles composed in chief value of glass under paragraph 218 of the Tariff Act of 1922, and the frames were separately entered as manufactures of wood under paragraph 410 of said act. The collector classified both frames and photographs as entireties, as decorated or ornamented articles composed in chief value of glass, at 55 per centum ad valorem, under said paragraph 218. Thereupon the importer protested, claiming the goods to be dutiable as entireties as photographs under paragraph 1310 of said act, or, alternatively, under paragraph 1459 as nonenumerated manufactured or unmanufactured articles. The Customs Court, Justice Brown dissenting, overruled the protests, and importer has appealed.

The relevant portions of paragraphs 218 and 1310 are as follows:

PAR. 218. * * * and all articles of every description not specially provided for, composed wholly or in chief value of glass or paste, or combinations of glass and paste, blown or partly blown, in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sand-blasted, silvered, stained, or decorated or ornamented in any manner, whether filled or unfilled, or whether their contents be dutiable or free, 55 per centum ad valorem; * * *

PAR. 1310. * * * photographs, * * * 25 per centum ad valorem; * * *

The imported articles are represented by Exhibits 1 and 2. Exhibit 1 is a reproduction of a landscape on glass. This was made as follows: A negative made by the ordinary photographic process was applied

to a sensitized glass; by the action of light the image upon the negative was printed upon the glass. After these processes, a gilt or bronze coated paper was applied to the back of the photographs as a background, and the whole was framed with an ornamental wooden and gilt frame. There was also fastened to the back a sheet of substance simulating leather, with an easel attachment for holding the article in an upright position and with a brass ring for hanging, if desired. This exhibit is about 8 by 10 inches in size. Exhibit 2 is made in the same way, but has a much more ornamental frame, is about 4 by 9 inches in size, and the figures appearing upon the so-called photograph are silhouettes in black. The record shows that the processes used in making these articles were the same as those used in making ambrotypes and that the articles now before us are sometimes denominated by the trade as durotypes. There is no sufficient proof of commercial designation in the record.

A stipulation was made orally during the hearing of the cause, by counsel, that illustrative Exhibit A, being that portion of Exhibit 2 consisting of the image on glass, without the background and frame, might be considered by the court as the imported article in question. We are advised by counsel for the importer, by formal letter, since that time that such stipulation was made on his part under a misapprehension of the facts, and the stipulation will therefore be disregarded by the court. No claim is made here that the articles are dutiable under said paragraph 1459.

Much of the argument in this case centers around the question whether a glass bearing a photographic image, such as those involved here, is a photograph or not. It is contended that the word photograph, as used in said paragraph 1310, refers only to images produced by photographic processes on paper and does not include such images on glass. This is supported by the invocation of the *ejusdem generis* rule and also on the authority of *In re Benziger*, T. D. 42432. On the other hand, it is claimed images on glass, such as those before us, are photographs and, if so, are more specifically named in said paragraph 1310 than in paragraph 218 for articles of glass, printed, decorated, or ornamented.

As we view the matter, it is not important to decide this point. Whether the images on glass ever were photographs, in law, or not, it is quite obvious these articles are beyond the photograph stage. They consist of plates of glass bearing images, background, frames, and mountings. Disregarding, for the time being, former judicial decisions as to the material of which a photograph, under the law, must be made, a photograph is, as defined by Webster's New International Dictionary, 1925:

1. A picture or likeness obtained by photography.

As we have before stated, the objects before us are more than this. The burden rested upon appellant herein to show that these articles should be classified as photographs under said paragraph 1310. If he has failed to do this, the classification of the collector must stand. *United States* v. *Silk Association*, 16 Ct. Cust. Appls. 566, T. D. 43296.

When this matter comes before us in such a way that we may consider only photographic reproductions upon glass, we may pass upon many of the questions presented here. In this case, however, the judgment must be and is *affirmed*.